IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

                    Plaintiffs,

      v.

CANON INC., CANON U.S.A., INC. and
CANON SOLUTIONS AMERICA, INC.

                  Defendants.

C.A. No._____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II"), by and through its attorneys, for its Complaint for Patent Infringement against Defendants Canon Inc., Canon U.S.A., Inc., and Canon Solutions America, Inc. (individually and collectively, "Canon") allege as follows, upon personal knowledge with respect to its own acts, and upon information and belief with respect to the circumstances and fact of others:

## PARTIES

1.      Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.      Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.     On information and belief, defendant Canon Inc., also known as Canon Kabushiki Kaisha, is a corporation organized under the laws of Japan having a principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

4.     On information and belief, Canon U.S.A., Inc. is a wholly-owned and controlled subsidiary of Canon Inc. and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at One Canon Plaza, Lake Success, New York, 11042-1113.

5.     On information and belief, Canon Solutions America, Inc. is a wholly-owned and controlled subsidiary of Canon U.S.A., Inc. and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at One Canon Plaza, Lake Success, New York, 11042-1113.

6.     On information and belief, Canon Inc., Canon U.S.A., Inc., and Canon Solutions America, Inc. have been and are acting individually, collectively, and jointly or in concert with regard to all Canon activities referenced and alleged in this Complaint.

## JURISDICTION AND VENUE

7.     This is a civil action for the infringement of United States Patent Nos. 5,444,728, 6,130,761,  6,435,686,  6,650,432,  RE43,086,  7,315,406,  5,712,870,  6,754,195,  and  6,977,944 (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including in particular under 35 U.S.C. § 271.  Intellectual Ventures I owns  United States Patent Nos. 5,444,728, 6,130,761, 6,650,432, RE43,086, 7,315,406, 5,712,870, 6,754,195, and 6,977,944 and holds the right to sue and recover damages for infringement thereof, including past infringement.  Intellectual Ventures II owns United States Patent No. 6,435,686 and holds

the right to sue and recover damages for infringement thereof, including past infringement.  This

Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Canon is subject to personal jurisdiction in this Court because, upon information

and belief, Canon does and has done substantial business in this District, including both

independently and through and with its subsidiaries and various commercial arrangements by

placing its products, including those that infringe Intellectual Venture I and II's patents, into the

stream of commerce, which stream is directed at the State of Delaware and this District, with the

knowledge and/or understanding that such products would be sold in the State of Delaware and

this District.  These acts have caused and continue to cause injury to Intellectual Ventures I and

II within this District.  Canon derives substantial revenue from the sale of infringing products

distributed within the District, and/or expect or should reasonably expect their actions to have

consequences within the District, and derive substantial revenue from interstate and international

commerce.  In addition, Canon has induced and continues to knowingly induce infringement

within this District by contracting with others to market and sell infringing products with the

knowledge and intent to facilitate infringing sales of the products by others within this District

and by creating and/or disseminating instructions and other materials for the products with like

mind and intent.

9.      On information and belief, Canon has sufficient minimum contacts with the

District that an exercise of personal jurisdiction over Canon would not offend traditional notions

of fair play and substantial justice and would be appropriate under Delaware Code Title 10,

Section 3104.

10.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or

and 1400(b).

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,444,728

11.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

12.     United States Patent No. 5,444,728 ("the '728 patent"), entitled "Laser Driver Circuit," issued on August 22, 1995, to inventor Marc T. Thompson.  A true and correct copy of the '728 patent is attached to this Complaint as Exhibit A.  The '728 patent is owned by Intellectual Ventures I.

13.     Canon will have knowledge and notice of the '728 patent and its infringement at least through the filing and/or service of this Complaint.

14.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '728 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, multifunction devices, and copiers that include a laser driver circuit with a bypass switch ("the '728 Accused Instrumentalities").  Upon information and belief, the '728 Accused Instrumentalities include, for example and without limitation, the Canon imageRUNNER ADVANCE Series (*e.g.*, imageRUNNER ADVANCE C2020).

15.     Upon information and belief, Canon has induced and continues to induce infringement of the '728 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '728 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '728 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '728 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers,

and other third parties to make, sell, offer to sell, and use the '728 Accused Instrumentalities; providing other components of and accessories for the '728 Accused Instrumentalities; advertising the '728 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '728 Accused Instrumentalities.

16.     Canon has proceeded in this manner despite its actual knowledge of the '728 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '728 patent.   At the very least, because Canon is on notice of the '728 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

17.     Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '728 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '728 Accused Instrumentalities and components thereof to its subsidiaries, customers and resellers, and other third parties.   For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '728 Accused Instrumentalities by selling, offering to sell, and/or importing a laser driver circuit with a bypass switch for use in the '728 Accused Instrumentalities.   Canon also contributed and continues to contribute to the infringement of the '728 Accused Instrumentalities by selling, offering to sell, and/or importing the '728 Accused Instrumentalities, which include a laser driver circuit with a bypass switch, that are used in practicing the claimed methods of the '728 patent.   When the '728 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing,

literally or under the doctrine of equivalents, one or more claims of the '728 patent. The laser driver circuit with a bypass switch supplied by Canon constitute material parts of the claimed inventions of the '728 patent.

18.     Upon information and belief, Canon knows, for the reasons described above, that the laser driver circuits with a bypass switch are especially made and/or especially adapted for use in infringing the '728 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the components and apparatuses have no use apart from making and/or using a laser driver circuit with a bypass switch as claimed in the '728 patent. For example and without limitation, laser driver circuit in the imageRUNNER ADVANCE C2020 is used only in conjunction with or as part of the claimed apparatuses and methods.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,130,761

19.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

20.     U.S. Patent No. 6,130,761 ("the '761 patent"), entitled "Image Scanning Method," issued on October 10, 2000, to inventors Pao-Yuan Yeh and Yu-Ting Wu. A true and correct copy of the '761 patent is attached to this Complaint as Exhibit B. The '761 patent is owned by Intellectual Ventures I.

21.     Canon will have knowledge and notice of the '761 patent and its infringement at least through the filing and/or service of this Complaint.

22.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '761 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon scanners, multifunction devices, and copiers that

perform an image scanning method that determines a number of rotation steps for a driving motor ("the '761 Accused Instrumentalities").  Upon information and belief, the '761 Accused Instrumentalities include, for example and without limitation, the Canon imageCLASS Series (*e.g.*, imageCLASS MF4890dw).

23.    Upon information and belief, Canon has induced and continues to induce infringement of the '761 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '761 Accused Instrumentalities.  Such making, using, offering for sale, and selling of these '761 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '761 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '761 Accused Instrumentalities; providing other components of and accessories for the '761 Accused Instrumentalities; advertising the '761 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '761 Accused Instrumentalities.

24.    Canon has proceeded in this manner despite its actual knowledge of the '761 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '761 patent.  At the very least, because Canon is on notice of the '761 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

25.    Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '761 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to

sell within the United States, and/or importing into the United States the '761 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '761 Accused Instrumentalities by selling, offering to sell, and/or importing an apparatus that includes a motor that performs an image scanning method by determining a number of rotation steps as claimed in the '761 patent.  When the '761 Accused Instrumentality is used by Canon's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '761 patent.  The apparatus supplied by Canon constitutes a material part of the claimed inventions of the '761 patent.

26.    Upon information and belief, Canon knows, for the reasons described above, that the apparatus supplied by Canon is especially made and/or especially adapted for use in infringing the '761 patent.  Moreover, the apparatus is not a staple articles of commerce suitable for substantial non-infringing use at least because the apparatus has no use apart from performing scanning functionality as claimed in the '761 patent.  For example and without limitation, the stepper motor in Canon's imageCLASS MF4890dw is used only for performing an image scanning method that determines a number of rotation steps for a driving motor as claimed in the '761 patent.

## COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 6,435,686

27.    Paragraphs 1 through 10 are incorporated as if fully set forth herein.

28.    U.S. Patent No. 6,435,686 ("the '686 patent"), entitled "Light Conducting Plate For a Back Lighting Device and Back Lighting Device," issued on August 20, 2002, to inventors Takumi Gotou, Masatoshi Yamamoto, and Shuichi Fujiyoshi.  A true and correct copy of the

'686 patent is attached to this Complaint as Exhibit C.  The '686 patent is owned by Intellectual Ventures II.

29.     Canon will have knowledge and notice of the '686 patent and its infringement at least through the filing and/or service of this Complaint.

30.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '686 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, scanners, multifunction devices, and copiers that include a light conducting plate for a back lighting device that can be used in a display ("the '686 Accused Instrumentalities").   Upon information and belief, the '686 Accused Instrumentalities include, for example and without limitation, the Canon imageRUNNER ADVANCE Series (*e.g.*, imageRUNNER ADVANCE C2020).

31.     Upon information and belief, Canon has induced and continues to induce infringement of the '686 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '686 Accused Instrumentalities.   Such making, using, offering for sale, and selling of the '686 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '686 patent by such subsidiaries, customers, resellers, or third parties.   Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '686 Accused Instrumentalities; providing other components of and accessories for the '686 Accused Instrumentalities; advertising the '686 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '686 Accused Instrumentalities.

32.     Canon has proceeded in this manner despite its actual knowledge of the '686 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '686 patent.   At the very least, because Canon is on notice of the '686 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

33.     Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '686 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States, components of the '686 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '686 Accused Instrumentalities by selling, offering to sell, and/or importing a light conducting plate for a back lighting device that can be used in a display for use in the '686 Accused Instrumentalities.  When the resulting '686 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '686 patent.  These components supplied by Canon constitute material parts of the claimed inventions of the '686 patent.

34.     Upon information and belief, Canon knows, for the reasons described above, that these components of the '686 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '686 patent.  Moreover, these components are not staple articles of commerce suitable for substantial non-infringing use at least because the components have no use apart from making and/or using a light conducting plate for a back lighting device that can be

used in a display, as claimed in the '686 patent.  For example and without limitation, the light conducting plate in the imageRUNNER ADVANCE C2020 is used only in conjunction with or as part of the claimed apparatuses.

## COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 6,650,432

35.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

36.     U.S. Patent No. 6,650,432 ("the '432 patent"), entitled "Method and User Interface for Performing an Automatic Scan Operation For a Scanner Coupled to a Computer System," issued on November 18, 2003, to inventors Chuan-Yu Hsu, Jay Liu, and T.J. Hsu.  A true and correct copy of the '432 patent is attached to this Complaint as Exhibit D.  The '432 patent is owned by Intellectual Ventures I.

37.     Canon will have knowledge and notice of the '432 patent and its infringement at least through the filing and/or service of this Complaint.

38.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '432 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, scanners, multifunction devices, and copiers with software that provides a user interface for use on a computer system coupled with a scanner for performing a scan operation on an original document, including performing a set of image processing routines ("the '432 Accused Instrumentalities").  Upon information and belief, the '432 Accused Instrumentalities include, for example and without limitation, the Canon PIXMA Series (*e.g.*, PIXMA MG6220).

39.     Upon information and belief, Canon has induced and continues to induce infringement of the '432 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries,

customers and resellers, and other third parties to make, use, offer for sale, and sell the '432 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '432 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '432 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '432 Accused Instrumentalities; providing other components of and accessories for the '432 Accused Instrumentalities; advertising the '432 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '432 Accused Instrumentalities.

40.     Canon has proceeded in this manner despite its actual knowledge of the '432 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '432 patent.  At the very least, because Canon is on notice of the '432 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

41.     Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '432 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '432 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '432 Accused Instrumentalities by selling, offering to sell, and/or importing software that provides a user interface for use on a computer system coupled with a scanner for performing a scan operation on an original document, including performing a set of image

processing routines.  When the '432 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '432 patent.  The software supplied by Canon constitutes material parts of the claimed inventions of the '432 patent.

42.     Upon information and belief, Canon knows, for the reasons described above, that the accused functionality of the software is especially made and/or especially adapted for use in infringing the '432 patent.  Moreover, the accused functionality of the software is not a staple article of commerce suitable for substantial non-infringing use at least because it has no use apart from providing a user interface for use on a computer system coupled with a scanner for performing a scan operation on an original document as claimed in the '432 patent.  For example and without limitation, at least the PIXMA MG6220 includes software functions that provide a user interface that is used only in conjunction with or as part of the claimed systems.

## COUNT V:  INFRINGEMENT OF U.S. PATENT NO. RE43,086

43.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

44.     U.S. Patent No. RE43,086 ("the '086 patent"), entitled "Method and User Interface For Performing a Scan Operation For a Scanner Coupled to a Computer System," issued on January 10, 2012, to inventors Chuan-Yu Hsu, Jay Liu, and T.J. Hsu.  A true and correct copy of the '086 patent is attached to this Complaint as Exhibit E.  The '086 patent is owned by Intellectual Ventures I.

45.     Canon will have knowledge and notice of the '086 patent and its infringement at least through the filing and/or service of this Complaint.

46.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '086 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, scanners, multifunction devices, and copiers that include a memory device with instructions stored thereon and software that provide a user interface for use on a computer system coupled with a scanner for performing a scan operation with an image-enhancement process ("the '086 Accused Instrumentalities").  Upon information and belief, the '086 Accused Instrumentalities include, for example and without limitation, the Canon PIXMA Series (*e.g.*, PIXMA MG6220).

47.     Upon information and belief, Canon has induced and continues to induce infringement of the '086 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '086 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '086 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '086 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '086 Accused Instrumentalities; providing other components of and accessories for the '086 Accused Instrumentalities; advertising the '086 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '086 Accused Instrumentalities.

48.     Canon has proceeded in this manner despite its actual knowledge of the '086 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '086

patent.   At the very least, because Canon is on notice of the '086 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

49.     Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '086 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '086 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.   For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '086 Accused Instrumentalities by selling, offering to sell, and/or importing a memory device with instructions stored thereon and software that provide a user interface for use on a computer system coupled with a scanner for performing a scan operation with an image-enhancement process for use in practicing the claimed methods of the '086 patent.   When the '086 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '086 patent.   The memory device and software supplied by Canon constitute material parts of the claimed inventions of the '086 patent.

50.     Upon information and belief, Canon knows, for the reasons described above, that accused functionality of the memory device with instructions stored thereon and the software are especially made and/or especially adapted for use in infringing the '086 patent.   Moreover, these memory devices with instructions stored thereon and the software are not staple articles of commerce suitable for substantial non-infringing use at least because they have no use apart from a user interface for use on a computer system coupled with a scanner for performing a scan

operation with an image-enhancement process as claimed in the '086 patent.  For example and without limitation, at least the PIXMA MG6220 includes software that provides a user interface that is used only in conjunction with or as part of the claimed inventions.

## COUNT VI:  INFRINGEMENT OF U.S. PATENT NO. 7,315,406

51.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

52.     U.S. Patent No. 7,315,406 ("the '406 patent"), entitled "Scanning Circuit Structure," issued on January 1, 2008, to inventors Kaun-Yu Lee and Chen-Ho Lee.  A true and correct copy of the '406 patent is attached to this Complaint as Exhibit F.  The '406 patent is owned by Intellectual Ventures I.

53.     Canon will have knowledge and notice of the '406 patent and its infringement at least through the filing and/or service of this Complaint.

54.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '406 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States certain Canon printers, scanners, multifunction devices, and copiers that include a scanning circuit that converts scan control signals to timing control signals ("the '406 Accused Instrumentalities").   Upon information and belief, the '406 Accused Instrumentalities include, for example and without limitation, the Canon CanoScan Series (*e.g.*, CanoScan 9000F).

55.     Upon information and belief, Canon has induced and continues to induce infringement of the '406 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '406 Accused Instrumentalities.   Such making, using, offering for sale, and selling of the '406

Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '406 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '406 Accused Instrumentalities; providing other components of and accessories for the '406 Accused Instrumentalities; advertising the '406 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '406 Accused Instrumentalities.

56.    Canon has proceeded in this manner despite its actual knowledge of the '406 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '406 patent.   At the very least, because Canon is on notice of the '406 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

57.    Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '406 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States components and apparatuses of the '406 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '406 Accused Instrumentalities by selling, offering to sell, and/or importing a scanning circuit that converts scan control signals to timing control signals for use in the '406 Accused Instrumentalities and for use in practicing the claimed methods of the '406 patent.  When the '406 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those

subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '406 patent.  These scanning circuits supplied by Canon constitute material parts of the claimed inventions of the '406 patent.

58.     Upon information and belief, Canon knows, for the reasons described above, that the scanning circuits are especially made and/or especially adapted for use in infringing the '406 patent.  Moreover, scanning circuits are not staple articles of commerce suitable for substantial non-infringing use, at least because they have no use apart from converting scan control signals to timing control signals, as claimed in the '406 patent.  For example and without limitation, at least the CanoScan 9000F includes a scanning circuit that converts scan control signals to timing control signals that is used only in conjunction with or as part of the claimed apparatuses and methods.

## COUNT VII:  INFRINGEMENT OF U.S. PATENT NO. 5,712,870

59.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

60.     U.S. Patent No. 5,712,870 ("the '870 patent"), entitled "Packet Header Generation and Detection Circuitry," issued on January 27, 1998, to inventor Al Petrick.  A true and correct copy of the '870 patent is attached to this Complaint as Exhibit G.  This '870 patent is owned by Intellectual Ventures I.

61.     Canon will have knowledge and notice of the '870 patent and its infringement at least through the filing and/or service of this Complaint.

62.     Upon information and belief, has infringed since at least the filing of this Complaint and continues to infringe one or more claims of the '870 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers,

scanners, multifunction devices, copiers and cameras that include the wireless local area network

("Wi-Fi") functionality  claimed in the '870 patent ("the '870 Accused Instrumentalities").  Upon

information and belief, the '870 Accused Instrumentalities include, for example and without

limitation, the Canon PIXMA Series (*e.g.*, PIXMA MX882 and PIXMA MX870).

63.     Upon information and belief, Canon has induced and continues to induce

infringement of the '870 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries,

customers and resellers, and other third parties to make, use, offer for sale, and sell the '870

Accused Instrumentalities.  Such making, using, offering for sale, and selling of these '870

Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents,

of one or more claims of the '870 patent by such subsidiaries, customers, resellers, or third

parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers,

and other third parties to make, sell, offer to sell, and use the '870 Accused Instrumentalities;

providing other components of and accessories for the '870 Accused Instrumentalities;

advertising the '870 Accused Instrumentalities through its own and third-party websites; and

providing instruction manuals and maintenance manuals for the '870 Accused Instrumentalities.

64.     Canon has proceeded in this manner despite its actual knowledge of the '870

patent and knowledge and specific intent that the actions it actively induced on the part of its

subsidiaries, customers, resellers, and other third parties constitute infringement of the '870

patent.  At the very least, because Canon is on notice of the '870 patent and the accused

infringement, it has been and remains willfully blind regarding the infringement it has induced

and continues to induce.

65.     Upon information and belief, Canon has contributed and continues to contribute

to the infringement of the '870 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to

sell within the United States, and/or importing into the United States, materials and components of the '870 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties. For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '870 Accused Instrumentalities by selling, offering to sell, and/or importing materials and components that provide Wi-Fi functionality for use in the '870 Accused Instrumentalities. When the resulting '870 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers, resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '870 patent. These materials and components supplied by Canon constitute material parts of the claimed inventions of the '870 patent.

66.     Upon information and belief, Canon knows, for the reasons described above, that the materials and components that provide Wi-Fi functionality in the '870 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '870 patent. Moreover, the materials and components are not staple articles of commerce suitable for substantial non-infringing use at least because they have no use apart from providing Wi-Fi functionality as claimed in the '870 patent. For example and without limitation, the accused Wi-Fi functionalities of the PIXMA MX882 is used only in conjunction with or as part of the claimed systems.

## COUNT VIII:  INFRINGEMENT OF U.S. PATENT NO. 6,754,195

67.     Paragraphs 1 through 10 are incorporated as if fully set forth herein.

68.     U.S. Patent No. 6,754,195 ("the '195 patent"), entitled "Wireless Communication System Configured to Communicate Using a Mixed Waveform Configuration," issued on June

22, 2004, to inventor Mark A. Webster and Michael J. Seals.  A true and correct copy of the '195 patent is attached to this Complaint as Exhibit H.  The '195 patent is owned by Intellectual Ventures I.

69.     Canon will have knowledge and notice of the '195 patent and its infringement at least through the filing and/or service of this Complaint.

70.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '195 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, multifunction devices, copiers, and cameras that include the Wi-Fi functionality claimed in the '195 patent ("the '195 Accused Instrumentalities").  Upon information and belief, the '195 Accused Instrumentalities include, for example and without limitation, the Canon PIXMA Series (*e.g.*, PIXMA MX882 and PIXMA MX870).

71.     Upon information and belief, Canon has induced and continues to induce infringement of the '195 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries, customers and resellers, and other third parties to make, use, offer for sale, and sell the '195 Accused Instrumentalities.   Such making, using, offering for sale, and selling of the '195 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '195 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '195 Accused Instrumentalities; providing other components of and accessories for the '195 Accused Instrumentalities;

advertising the '195 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '195 Accused Instrumentalities.

72.     Canon has proceeded in this manner despite its actual knowledge of the '195 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '195 patent.   At the very least, because Canon is on notice of the '195 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

73.     Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '195 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States components of the '195 Accused Instrumentalities to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '195 Accused Instrumentalities by selling, offering to sell, and/or importing parts that provide Wi-Fi functionality for use in the '195 Accused Instrumentalities.  When the '195 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '195 patent.  These components supplied by Canon constitute material parts of the claimed inventions of the '195 patent.

74.     Upon information and belief, Canon knows, for the reasons described above, that these components of the '195 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '195 patent.  Moreover, these components are not staple articles

of commerce suitable for substantial non-infringing use at least because the accused Wi-Fi functionalities have no use apart from providing Wi-Fi functionality as claimed in the '195 patent. For example and without limitation, the accused Wi-Fi functionality of the PIXMA MX882 is used only in conjunction with or as part of the claimed systems.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 6,977,944

75. Paragraphs 1 through 10 are incorporated as if fully set forth herein.

76. U.S. Patent No. 6,977,944 ("the '944 patent"), entitled "Transmission Protection For Communications Networks Having Stations Operating With Different Modulation Formats," issued on December 20, 2005, to inventors Ronald A. Brockmann, Maarten Hoeben and Maarten Menzo Wentink. A true and correct copy of the '944 patent is attached to this Complaint as Exhibit I. The '944 patent is owned by Intellectual Ventures I.

77. Canon will have knowledge and notice of the '944 patent and its infringement at least through the filing and/or service of this Complaint.

78. Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '944 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States Canon printers, multifunction devices, copiers, and cameras that include Wi-Fi functionality as claimed in the '944 patent ("the '944 Accused Instrumentalities"). Upon information and belief, the '944 Accused Instrumentalities include, for example and without limitation, the Canon PIXMA Series (*e.g.*, PIXMA MX882 and PIXMA MX870).

79. Upon information and belief, Canon has induced and continues to induce infringement of the '944 patent pursuant to 35 U.S.C. § 271(b) by encouraging its subsidiaries,

customers and resellers, and other third parties to make, use, offer for sale, and sell the '944 Accused Instrumentalities.  Such making, using, offering for sale, and selling of the '944 Accused Instrumentalities constitutes infringement, literally or under the doctrine of equivalents, of one or more claims of the '944 patent by such subsidiaries, customers, resellers, or third parties.  Canon's acts of encouragement include: intending its subsidiaries, resellers, customers, and other third parties to make, sell, offer to sell, and use the '944 Accused Instrumentalities; providing other components of and accessories for the '944 Accused Instrumentalities; advertising the '944 Accused Instrumentalities through its own and third-party websites; and providing instruction manuals and maintenance manuals for the '944 Accused Instrumentalities.

80.    Canon has proceeded in this manner despite its actual knowledge of the '944 patent and knowledge and specific intent that the actions it actively induced on the part of its subsidiaries, customers and resellers, and other third parties constitute infringement of the '944 patent.  At the very least, because Canon is on notice of the '944 patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

81.    Upon information and belief, Canon has contributed and continues to contribute to the infringement of the '944 patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell within the United States, and/or importing into the United States the '944 Accused Instrumentalities and components thereof to its subsidiaries, customers and resellers, and other third parties.  For example, upon information and belief, Canon contributed and continues to contribute to the infringement of the '944 Accused Instrumentalities by selling, offering to sell, and/or importing components that provide the accused Wi-Fi functionality for use in the '944 Accused Instrumentalities, including for practicing the claimed methods of the '944 patent.

When the '944 Accused Instrumentality is made, used, sold, or offered for sale by Canon's subsidiaries, customers and resellers, or other third parties, those subsidiaries, customers, resellers, or other third parties are thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '944 patent. These components or apparatuses supplied by Canon constitute material parts of the claimed inventions of the '944 patent.

82. Upon information and belief, Canon knows, for the reasons described above, that these components and apparatuses of the '944 Accused Instrumentalities are especially made and/or especially adapted for use in infringing the '944 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use at least because the accused Wi-Fi functionalities have no use apart from providing Wi-Fi functionality as claimed in the '944 patent. For example and without limitation, the accused Wi-Fi functionality of the PIXMA MX882 is used only in conjunction with or as part of the claimed systems.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules and Civil Procedure 38(b), Intellectual Ventures I and II demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures I and II respectfully pray that this Court enter judgment in its favor as follows:

a) declaring that Canon has directly infringed, induced infringement of, and/or contributed to the infringement of one or more claims of the Asserted Patents;

b) awarding Intellectual Ventures I and II all damages adequate to compensate for Canon's infringement, and in no event less than a reasonably royalty for Canon's acts of

infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

     c)  awarding Intellectual Ventures I and II attorney fees, costs, and expenses that it incurs in prosecuting this action; and

     d)  awarding Intellectual Ventures I and II any further and additional relief as the Court may deem just and equitable.


Dated:  March 25, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

OF COUNSEL:

*Attorneys for Plaintiffs*

Matthew D. Powers
Steven S. Cherensky
Monica M. Eno
Stefani C. Smith
Sam Kim
Palani R. Rathinasamy
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:  (650) 802-6000
Fax:  (650) 802-6001