## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

      Plaintiffs,

        v.

CANON INC., CANON U.S.A., INC., and
CANON SOLUTIONS AMERICA, INC.,

      Defendants.

Civil Action No. 13-CV-473 (SLR)

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties through their respective counsel that, in order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, the following Stipulated Protective Order ("Order") be entered by the Court.  This Order shall remain in effect pursuant to Section 22 through the conclusion of the litigation between the parties and completion of obligations under Sections 23 and 24 below.

In support of this Order, this Court finds that:

Confidential Information (defined below) that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information ("Producing Party") and could place the party at a competitive disadvantage;

Counsel for the party or parties receiving Confidential Information ("Receiving Party") are presently without sufficient information to accept the representation(s) made by the

Producing Party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation:

IT IS THEREFORE ORDERED THAT:

1. **Confidential Information.** "Confidential Information" means any document, electronically stored information ("ESI"), testimony or thing being produced or disclosed, whether formally or informally, that includes any information that any party or non-party from whom discovery is sought (the "Designating Party") reasonably and in good faith believes constitutes or discloses a trade secret or other proprietary or confidential business, technical, sales, marketing, financial, or other commercial information that the Designating Party would not disclose to third parties or that it would cause third parties to maintain in confidence, and which are designated as "Confidential" by the Designating Party. Hereinafter, for purposes of this Order, the terms "Designating Party" and "Producing Party" are used interchangeably.

Confidential Information shall not include information or material that (a) was, is, or becomes public in a manner other than by violation of this Order; (b) is acquired by the non-Designating Party from a third party having the right to disclose such information or material without confidential designations and/or restrictions; (c) was already lawfully possessed by the non-Designating Party before the disclosure by the Designating Party; or (d) was independently developed by the non-Designating Party by personnel who did not receive or have access to the Designating Party's Confidential Information.

2. **Protected Documents.** Documents, discovery responses, testimony and any other physical objects containing Confidential Information produced or made available for inspection by a Designating Party are referred to herein collectively as "Protected Documents."

3. **Designation.** Protected Documents shall be designated as "CONFIDENTIAL" if they include, but are not limited to, confidential technical, marketing, business and trade information unknown to the public. Protected Documents shall be designated as

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY" if they include, but are not limited to, highly confidential and sensitive information related to research, development, design, sales, marketing, manufacturing or other activities that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to persons other than those specified in Section 8 could reasonably be expected to result in injury to the Designating Party.  The identification of Protected Documents with any of these designations is referred to herein as "Confidential Designation."

Any Designating Party that produces Protected Documents in discovery in this litigation may make Confidential Designations on such Protected Documents for which the Designating Party believes in good faith that there is a right to confidential treatment under Rule 26 of the Federal Rules of Civil Procedure or this Order consistent with the designation level.  The Designating Party represents that such information does exist, and that it has historically maintained the confidentiality of such informational in the ordinary course of business, and will continue to do so.

Any Producing Party (including Non-Parties) that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced.  Before and during the inspection, all material made available for inspection shall be deemed "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Designating Party must affix the appropriate legend to each page that contains Confidential Information.  If it comes to the Designating Party's attention that Protected Documents that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.      **Non-Parties.**   Non-parties may invoke the protection of this Order for Protected Documents, including but not limited to documents, ESI, deposition testimony and exhibits provided in response to subpoenas served on those non-parties in connection with this litigation. All Confidential Information of any non-party contained in such Protected Documents shall be protected hereunder in the same manner as the Confidential Information of the parties to this lawsuit as long as the non-party agrees to be bound by this Order and any subsequent amendments to this Order.

5.      **Disputes Over Confidential Designation.**   At any time after the delivery of Protected Documents, counsel for the Receiving Party may challenge the Confidential Designation of all or any portion thereof by providing written notice thereof to counsel for the Designating Party.  If, after conferring in good faith, the parties are unable to agree as to whether the Confidential Designation of discovery material is appropriate, the Designating Party shall have fourteen (14) calendar days from the date of the conference to file a motion for protective order with regard to any Confidential Designation in dispute.   It shall be the burden of the Designating Party to establish that the contested material is confidential.   If the Designating Party does not timely file a motion for protective order, then the Confidential Designations in dispute shall no longer be subject to confidential treatment as provided in this Protective Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6.      **General Use and Disclosure of Confidential Information.**   Confidential Information, whether embodied in a Protected Document or not, shall not be used or revealed, shown, disseminated, copied, or in any way communicated to anyone by any non-Designating Party for any purpose whatsoever, except for purposes of this litigation as provided herein.

To the extent that any one of Defendants in this litigation provides Protected Documents under the terms of this Protective Order to Plaintiffs, Plaintiffs shall not share that material with

the other Defendant(s) in this litigation, absent a further Court order or express written permission from the Designating Party or its counsel.  This Order does not confer any right to any one Defendant to access the Protected Documents of any other Defendant.

7.      **Use and Disclosure of "CONFIDENTIAL" Documents.**  Protected Documents designated as "CONFIDENTIAL" and any Confidential Information contained therein may be revealed or shown only for purposes of this litigation to the following persons or entities:

(a)      This Court and its personnel consistent with the terms of Section 18;

(b)      Outside Counsel for the Receiving Party (as used herein, "Outside Counsel" shall mean those attorneys in the respective law firms for the respective parties who have entered their appearance in the above-captioned case, or for non-parties who have been served with a subpoena, only those attorneys who are actually representing the subpoenaed party, and shall not include employees or in-house counsel of parties);

(c)      Employees of such Outside Counsel (excluding experts, consultants, and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this litigation;

(d)      Up to ten (10) employees of each party, including, if applicable, the employees of each party's parent or affiliated company or corporation (where "affiliate" is understood to mean under common control), designated in writing by such party to all other parties pursuant to Section 10 (such designated employees are referred to herein as the "Internal Representatives"), and the Internal Representatives shall be limited to such persons as are reasonably necessary for development and presentation of the claims or defenses;

(e)      Employees of any professional photocopy service or graphics design service, legal interpreters or translators, or jury consultants used by counsel;

(f)      Court reporters taking testimony in this case and their necessary stenographic, videographic, and clerical personnel;

(g)      Any author, recipient (actual or reasonably believed) or Producing Party of such Protected Documents designated as "CONFIDENTIAL" and as provided in Section 17;

(h)     Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party;

(i)     Any independent consultant, investigator, or expert retained by, or at the direction of, the Receiving Party or its Outside Counsel to assist in the preparation for this litigation or to testify at trial or other hearing ("Outside Consultant"), provided that the Protected Documents or any Confidential Information contained therein disclosed to the Outside Consultant(s) pertain to the expected consultation or testimony of such person and the Receiving Party complies with Section 11.  The Protected Documents may be shown to assistants and staff associated with and acting under the supervision of such Outside Consultant(s).  For the purpose of this Order, Outside Consultants and their assistants and staff shall not be employees of the parties; and

(j)     Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed Exhibit B, "Confidentiality Agreement."

8.     **Use and Disclosure of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Documents.**  Protected Documents designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and any Confidential Information contained therein may be revealed or shown only for purposes of this litigation to the following persons or entities:

(a)     This Court and its personnel consistent with the terms of Section 18;

(b)     Outside Counsel for the Receiving Party;

(c)     Employees of such Outside Counsel (excluding experts, consultants, and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the litigation;

(d)     Employees of any professional photocopy service or graphics design

service, legal interpreters or translators, or jury consultants used by counsel;

(e)     Court reporters taking testimony in this case and their necessary stenographic, videographic, and clerical personnel;

(f)     Any author, recipient (actual or reasonably believed) or Producing Party of such Protected Documents designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and as provided in Section 17;

(g)     Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party;

(h)     Outside Consultants, provided that the Protected Documents or any Confidential Information contained therein disclosed to the Outside Consultants pertain to the expected consultation or testimony of such person and the Receiving Party complies with Section 11.  The Protected Documents may be shown to assistants and staff associated with and acting under the supervision of such Outside Consultants; and

(i)     Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed Exhibit B, "Confidentiality Agreement."

9.     **Filings With This Court.**  Protected Documents that have been designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY -SOURCE CODE" (as defined in attached Exhibit C) under this Order may be filed as sealed documents with this Court.  Such Protected Documents shall be filed in accordance with the Local Rules of this Court, including D. Del. LR 5.1.3, and shall include on a cover page one of the following statements, whichever is appropriate:

FILED UNDER SEAL

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL
CONFIDENTIAL-OUTSIDE COUNSEL ONLY
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL
CONFIDENTIAL-OUTSIDE COUNSEL ONLY -SOURCE CODE
SUBJECT TO PROTECTIVE ORDER

10.      **Designation of Internal Representatives.**  When any party receiving Protected Documents designated as "CONFIDENTIAL" under this Order desires to disclose the Protected Documents or any information contained therein to any Internal Representative referred to above, such Receiving Party shall, at least five (5) court days prior to the first disclosure of Protected Documents to the Internal Representative, provide to the Producing Party the name, job title, and business address of the Internal Representative to whom the Receiving Party desires to disclose Protected Documents designated as "CONFIDENTIAL" or any information contained therein.

Within five (5) court days of receipt of such information identifying the Internal Representative, the Designating Party may object in writing to the disclosure of such Protected Documents to the designated Internal Representative.  If the Designating Party objects in writing, the disclosure of such Protected Documents to the Internal Representative shall be withheld pending the parties' efforts to resolve the objection.  Any failure to object in writing within such period to the proposed disclosure of such Protected Documents shall be deemed to be consent by the Designating Party to such disclosure.  If an objection to the disclosure of such Protected Documents under this paragraph is not resolved by the parties within five (5) court days of service of the written notice of objection, the Designating Party shall file a motion to preclude such disclosure with the Court within ten (10) court days of service of the written notice of

objection or the objection will be waived.  If such a motion is filed, the disclosure of such Protected Documents to the Internal Representative shall be withheld pending the ruling of the Court on any such motion.

11.     **Opportunity to Object to Proposed Expert.**   When any party receiving Protected Documents designated as "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" under this Order desires to disclose such Protected Documents or any information contained therein to any independent expert, such Receiving Party shall, at least five (5) court days prior to the first disclosure of Protected Documents to the independent expert, provide to the Producing Party:  (i) the expert's name, business address and current resume; (ii) a list of all of the expert's current business affiliations, if any; (iii) a list of the expert's current and past consulting relationships undertaken within the last four (4) years, including but not limited to any consulting relationship for any party; (iv) a list of cases in which the expert has testified as an expert within the last four (4) years, whether at trial, hearing, deposition or otherwise; and (v) the type of Protected Documents the Receiving Party desires to disclose (e.g., "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE," etc.) to such expert.

Within five (5) court days of receipt of such information identifying the expert, the Designating Party may object in writing to the disclosure of such Protected Documents to the independent expert.  If the Designating Party objects in writing, the disclosure of such Protected Documents to the independent expert shall be withheld pending the parties' efforts to resolve the objection.  Any failure to object in writing within such period to the proposed disclosure of such Protected Documents shall be deemed to be consent by the Designating Party to such disclosure. If an objection to the disclosure of such Protected Documents under this paragraph is not resolved by the parties within five (5) court days of service of the written notice of objection, the Designating Party shall file a motion to preclude such disclosure with the Court within ten (10) calendar days of service of the written notice of objection or the objection will be waived.  If

such a motion is filed, the disclosure of such Protected Documents to the independent expert shall be withheld pending the ruling of the Court on any such motion.

12. **Undertaking.** Prior to any disclosure pursuant to Sections 7(i) and 8(h), each consultant, investigator, and testifying and consulting expert to whom such disclosure is to be made shall execute the Confidentiality Undertaking annexed hereto as Exhibit A ("Confidentiality Undertaking A"). Each person to whom any disclosure is made pursuant to Section 7(d) shall execute the Confidentiality Undertaking annexed hereto as Exhibit B ("Confidentiality Undertaking B"). The Confidentiality Undertakings shall be maintained by Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they are retained, and such counsel shall promptly provide a copy of each executed Confidentiality Undertaking A or B to all counsel of record.

13. **Use of Confidential Information at Depositions.** To the extent that Confidential Information, as embodied in Protected Documents or otherwise, is used in depositions, such Confidential Information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Confidential Information. Additionally, the parties may, within thirty (30) calendar days of receipt of the final transcript of a deposition, designate documents, things, materials or information disclosed in that deposition as either "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" as the nature of the information involved requires. Absent agreement of the parties to the contrary, until the expiration of such period, all documents, things, materials or information in a deposition shall be treated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY." If any party designates testimony to be given at a deposition "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY -SOURCE CODE" during the deposition, all persons not qualified to receive such information shall leave the deposition for that portion of the testimony.

14.      **Court Reporters.**  Any court reporter or transcriber who reports or transcribes testimony in this litigation is hereby admonished that all Confidential Information and Protected Documents designated as such under this Order shall remain "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" as appropriate, and shall not be disclosed by them, except under the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

15.      **Inadvertent Disclosure of Confidential Information.**      Inadvertent or unintentional production of Protected Documents that are not designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment, so long as such claim is asserted within a reasonable time of the discovery of the inadvertent production.  Upon discovery of an inadvertent failure to designate, a Designating Party may notify the Receiving Party in writing that the material is to be designated. At such time, arrangements shall be made for the Designating Party to appropriately mark the Protected Documents in accordance with this Order, and any Receiving Party will retrieve all Protected Documents from all unauthorized persons under the Receiving Party's control that have received the Protected Documents.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in Protected Documents not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

16.      **Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent or unintentional production of any document or thing subject to attorney-client privilege or work-product immunity shall not constitute a waiver of the attorney-client privilege or work-product immunity, if any, as they apply to those documents specifically or to the subject matter of those documents generally.  If a party produces documents or things that it believes should have been withheld as privileged or work-product, such party shall provide a written

request for the return of those documents or things within a reasonable time after having actual knowledge that said documents have been produced.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such documents and things and shall immediately return the original and all such copies to the Designating Party.  If the Designating Party discovers that privileged, work-product, or otherwise protected documents and things have been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Designating Party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the specific substantive content of the document.  Upon such an oral request, the Receiving Party shall immediately (a) return the documents and things at issues and all copies to the Producing Party, and (b) cease examination or argument regarding the specific substantive content of such documents and things.  Notwithstanding the foregoing, nothing in this Order or this section shall preclude a Receiving Party from examining a witness, inquiring of counsel or arguing to the court regarding the basis of a privilege claim asserted with respect to inadvertently produced documents or information, the circumstances of the alleged inadvertent production, or the general subject matter reflected in such documents or information. If a Designating Party orally requests the return of inadvertently produced documents or things at a hearing, the Designating Party shall provide the specific basis of the claim of privilege at the time the oral request is made.  The return of such documents and things shall not preclude the Receiving Party from later moving the Court to compel production of the returned documents and thing on the basis that any privilege applicable thereto has been waived. However, the inadvertent production of privileged or otherwise protected documents or information in this case shall not be deemed— and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the documents and things.  The Receiving Party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an *in camera* review of the documents or things in question.  The use of keyword searching to screen for and prevent production of documents that are privileged, work

product-protected, or immune from discovery under any other applicable privilege or immunity, constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b).

17.     **Disclosure to Author, Recipient, or Producing Party.**  Nothing herein is intended in any way to restrict the ability of litigation counsel to use "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material in examining or cross-examining any current or former officer, director, employee, agent, expert, counsel, contractor or consultant of the Producing Party or a company affiliated with the Producing Party, provided the person being examined or cross-examined is one who authored, received or is a named recipient of or otherwise has actual prior knowledge of the "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material.

18.     **Presentation of Confidential Information to Court.**  Any Receiving Party that knows that it intends to present Confidential Information of another party in oral form at trial, or during any pre- or post-trial hearing, including by eliciting testimony that calls for the disclosure of Confidential Information, shall first notify the Court and the Producing Party at trial or during the hearing before presenting the Confidential Information.  Because of the policy favoring public attendance at judicial proceedings, the parties agree to cooperate on minimizing the presentation of protected information in open court.  The Court does not here determine which, if any, procedures for reducing the presentation of protected information may be suitable.

19.     **Source Code.**  The discovery of Source Code shall be governed by the provisions set forth in the Protocol for the Discovery of Source Code, attached as Exhibit C.

20.     **Reservation of Power by Court.**  The Court reserves the power and authority to remove documents and materials from the scope of this Order if it finds documents or materials designated by the parties do not constitute material properly described as protectable by Fed. R. Civ. P. 26(c) or this Order.

21.     **Subpoena of Confidential Information.**   In the event any party having possession, custody or control of any Confidential Information or Protected Documents receives from a non-party to this action a subpoena or other process or order or discovery request to produce such information in another, unrelated legal proceeding, such party (i) shall promptly notify counsel for the Designating Party of the subpoena or other process or order or discovery request, and (ii) shall not produce the information until the Designating Party has had reasonable time (at least fourteen (14) calendar days, unless the deadline to respond to the subpoena or other process or order or discovery request is earlier) to object or take other appropriate steps to protect the information.   The Designating Party shall have the burden of defending against such subpoena or other process or order or discovery request.

22.     **Continuing Jurisdiction.**   After termination of the litigation between the parties, the provisions of this Order shall continue to be binding until further order of this Court, except with respect to those documents and information that become a matter of public record.   This Court retains and shall have continuing jurisdiction over the parties for enforcement of the provisions of this Order following termination of the litigation between the parties.

23.     **Duty to Return Documents and Things.**   Within sixty (60) calendar days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party and all persons   who   received   Protected   Documents   designated   "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE   COUNSEL   ONLY"   and/or   "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" shall destroy the Protected Documents or return the Protected Documents to the counsel for the Designating Party.   Outside Counsel for any party or non-party receiving such Protected Documents shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) calendar days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties in the above-captioned action.   The party receiving such Protected Documents shall not use such Protected Documents or any information

contained therein for any purpose whatsoever other than the litigation between the parties, and shall not under any circumstances sell, offer for sale, advertise, or publicize such Protected Documents or any information contained therein, except as allowed under the terms of this Order.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Confidential Information or Protected Documents.  Any such archival copies remain subject to the terms of this Order.

24. **Preparation and Prosecution of Patent Applications.**  Absent written consent from the Producing Party, any individual employed by, related to, or representing one or both Plaintiffs, including outside counsel, who reviews "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to laser driver circuits, scanner driver motors, optical scanning circuits, LCDs, optical scanner software, 802.11a/b/n/g technology, and image processing products of the type disclosed in the "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material produced in this litigation before any foreign or domestic agency, including but not limited to the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" means directly or indirectly drafting, editing or amending, or advising or consulting on the drafting, editing or amending of patent applications, specifications, claims and/or responses to office actions, specifically including, without limitation, advising or representing a party before a domestic or foreign agency in a reissue, *inter partes* review, or post-grant review proceeding, but does not mean *ex parte* reexamination or *inter partes* reexamination.  If an *ex parte* reexamination or *inter partes* reexamination is filed, Defendants may raise with the Court any specific concerns they may have at that time.  This prosecution bar (i) is designed to apply only to those individuals who review documents designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY-SOURCE CODE" and shall not extend for example, to the law firm of that individual, and (ii) shall not be triggered by a person's reviewing or otherwise learning the substance of his or her own client's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials.  A Designating Party may also agree in writing that use or introduction of items designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" (or a subset of such items) during a particular proceeding do not trigger the prohibitions identified in this paragraph.  Inadvertent exposure to items designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" do not trigger the prohibitions identified in this paragraph so long as the individual that is inadvertently exposed to such items takes immediate steps to discontinue review of and/or exposure to such items.  These prohibitions shall begin when the affected individual first reviews "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials, and shall end two (2) years after the final resolution of this action, including all appeals.

     25.    **Territorial Restriction.**  No Protected Documents produced by Defendants may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Documents (including copies) in physical and electronic form. The viewing of Protected Documents through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Documents, exclusive of material designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY SOURCE CODE", and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

26.     **Scope of Order.**  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

27.     Miscellaneous

(a)     **Right to Further Relief:**  Nothing in this Order abridges the right of any person to seek further or additional protection of any Protected Documents or Confidential Information or to seek modification of the Order by the Court in the future.

(b)     **Right to Assert Other Objections:**  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(c)     **No Restriction on Advising Client:**  Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding this case, even if Counsel must rely on Protected Documents or Confidential Information in formulating such advice, as long as no Protected Document or Confidential Information is disclosed in violation of this Order.

(d)     **Limitation on Discovery from Experts:**  Absent good cause, and consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure, drafts of expert reports and communications between an expert and a Party's Counsel are not discoverable except as provided in Federal Rule of Civil Procedure 26(b)(4)(C).  Reports and materials exempt from discovery under this section shall be treated as attorney work product for the purposes of this case and Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

*Of Counsel:*

Matthew D. Powers
Steven S. Cherensky
Monica M. Eno
Stefani C. Smith
Palani P. Rathinasamy
Sam Y. Kim
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Tel: (650) 802-6000
Fax: (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
monica.eno@tensegritylawgroup.com
stefani.smith@tensegritylawgroup.com
palani@tensegritylawgroup.com
skim@tensegritylawgroup.com

/s/ Brian E. Farnan
Brian E. Farnan (# 4089)
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel:  (302) 777-0300
Fax:  (302) 777-0301
Email:  bfarnan@farnanlaw.com

*Attorneys for Plaintiffs*
INTELLECTUAL VENTURES I and
INTELLECTUAL VENTURES II

*Of Counsel:*
Nicholas M. Cannella
Michael P. Sandonato
Marc J. Pensabene
Jonathan Berschadsky
Steven K. Le
C. Austin Ginnings
FITZPATRICK CELLA HARPER
& SCINTO
1290 Avenue of the Americas
New York, NY 10104
Tel:  (212) 218-2100

Ketan Patel
Eric Huang
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Kevin P.B. Johnson
Suong Nguyen
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor

 /s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nochols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
Wilmington, DE 19899
Tel:  (302) 351-9291
Fax:  (302) 425-3012
Email:
jblumenfled@mnat.com
jheaney@mnat.com

Redwood Shores, CA 94065

*Attorneys for Defendants*
CANON INC., CANON U.S.A., INC., and
CANON SOLUTIONS AMERICA, INC.,

ORDERED this _____ day of _____ , 2013.

_____

Hon. Sue L. Robinson

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CANON INC., CANON U.S.A., INC., and<br>CANON SOLUTIONS AMERICA, INC.,<br><br>Defendants. | Civil Action No. 13-CV-473 (SLR) |

**CONFIDENTIALITY UNDERTAKING FOR EXPERTS OR CONSULTANTS**

I, _____, state the following:

1.    I have been retained by _____[party].

2.    My address is _____

3.    My present employer is and the address of my present employment is _____

_____

4.    My present occupation or job description is: _____

_____

5.    I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of this Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit any Confidential Information, including such information designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY–SOURCE CODE", that is disclosed to me.

8.     I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, of the confidential nature of any Confidential Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.     I will return all Confidential Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

10.     If I am given access to Source Code designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE," I agree to abide by all terms of the Protective Order concerning such Source Code, including the Protocol for the Discovery of Source Code, and I agree not to perform work directly or indirectly intended for commercial purposes relating to the claimed subject matter of the patents-in-suit for a period of one year after the issuance of a final, nonappealable decision resolving all issues in the case.

11.     I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

Signature: _____

Printed Name: _____

Date: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br>      Plaintiffs, <br><br>      v. <br><br> CANON INC., CANON U.S.A., INC., and CANON SOLUTIONS AMERICA, INC., <br><br>      Defendants. | Civil Action No. 13-CV-473 (SLR) |

**CONFIDENTIALITY UNDERTAKING**

I, _____, state the following:

1.      My address is _____

2.      My present employer is and the address of my present employment is _____

_____

3.      My present occupation or job description is: _____

_____

4.      I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of this Protective Order.

5.      I will comply with all of the provisions of the Protective Order.

6.      I attest to my understanding that access to Confidential Information designated as "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order.  I agree to be bound by the terms of the Protective Order.

7.     I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

Signature:  _____

Printed Name:  _____

Date:  _____

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | |
| Plaintiffs, | Civil Action No. 13-CV-473 (SLR) |
| v. | |
| CANON INC., CANON U.S.A., INC., and CANON SOLUTIONS AMERICA, INC., | |
| Defendants. | |

**PROTOCOL FOR THE DISCOVERY OF SOURCE CODE**

With respect to the discovery of Source Code, the Court orders the parties to adhere to the following protocol:

**A.**   **Definitions**

1.      "Source Code:  Any human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Text files containing source code shall hereinafter be referred to as "Source Code Files."  Source Code Files include, but are not limited to, files containing source code in C, C++, Java, assembler, VHDL, Verilog, and other similar programming languages.  Source Code Files further include "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or digital signal processor (DSP).

2.      "CONFIDENTIAL-OUTSIDE    COUNSEL    ONLY-SOURCE    CODE": Information, documents or other things that (i) may be designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" under the Protective Order and (ii) contain Source Code.

B.      **Scope**

3.      None of the protections conferred by this Order shall obligate the parties to produce, or relieve the parties from producing, any Source Code, or constitute an admission that any particular Source Code is, or is not, discoverable.

4.      Unless otherwise provided herein, any information, documents or things designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" ("Designated Material") will be subject to all of the definitions, provisions and restrictions governing materials designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" under the Protective Order.

C.      **Access To Designated Material**

5.      Access to a party's Designated Material shall be provided only on "stand-alone" computer(s) (that is, the computer shall not be linked to any network, including a local area network ("LAN"), an intranet or the Internet.  The stand-alone computer(s) may be connected to a printer.  To the extent possible, all ports, software and other avenues that could be used to copy or transfer Designated Material may be blocked. Additionally, except as provided in paragraph 15 below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel.

6.      The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The parties agree to cooperate in good faith such that maintaining the Producing Party's Designated Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  Only persons designated under paragraph 9 (below) shall have access to the stand-alone

computer(s), provided however that the following additional restrictions shall apply to such access:

(a)     Only counsel of record and independent experts disclosed pursuant to Paragraph 11 of the Stipulated Protective Order shall have access to the stand-alone computer containing Designated Material.

(b)     At least ten (10) court days prior to the first date on which access is sought to such stand-alone computer (ten day notice period), Counsel of Record for the Receiving Party shall provide notice of the intent to inspect Designated Material and provide a list of individuals, including attorneys, seeking to access the Designated Material on the stand-alone computer;

(c)     For each occasion thereafter, Counsel of Record for the Receiving Party shall provide notice of the intent to inspect Designated Material and provide a list of individuals, including attorneys, seeking to access the stand-alone computer at least three (3) court days prior to the first date on which access is sought to the stand-alone computer;

(d)     Each time a person enters or leaves the secure room with the stand-alone computer, that person must sign a log and indicate the date and time;

(e)     Proper identification of all authorized persons shall be provided prior to any access to the secure room with the stand-alone computer.  Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure room with the stand-alone computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification;

(f)     Recording devices, recordable media or other electronic devices capable of recording electronic data, taking pictures or recording video or audio (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, dictaphones, or BlackBerry®, iPhone® or iPod® devices) are not permitted inside the secure room containing the stand-alone computer, except as provided in paragraph

6(h);

   (g)  The Receiving Party's outside counsel and/or experts shall be entitled to take handwritten notes relating to the Designated Material, provided such notes are treated consistent with the provisions of the Protective Order;

   (h)  Counsel of Record for the Producing Party may use video equipment to remotely observe the Receiving Party's representatives during use of the stand-alone computer and inspection, review and printing of the produced Designated Material.  The video equipment will have any audio capability and audio/recording capability turned off and/or disabled.  The video equipment will be arranged such that the physical integrity of the stand-alone computer and any ports (but not the display, the keyboard, the Receiving Party's notes, or the Receiving Party's mouths) can be remotely monitored.  Any inadvertent observation or awareness of privileged communications of the Receiving Party's representatives will not be deemed to cause any waiver or other loss of any privilege covering such communications and the substance of any such inadvertently observed communications shall not be subsequently communicated, used, or relied upon for any purpose.

   7.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Designated Material on the stand-alone computer(s).

   8.  The Producing Party will produce Designated Material in computer searchable format on the stand-alone computer(s) as described above.  The Producing Party need not provide the Designated Material in executable form and in no event shall the Producing Party be required to provide, support or enable the use of any compilers or simulators in connection with the Designated Material.  If the Receiving Party requires additional program(s) or review tool(s), the Receiving Party shall provide (at the Receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the Producing Party three (3) court days in advance of the inspection.

   9.  Access to Designated Material shall be limited to:

(a)     Persons who appear on the face of the Designated Material as an author, addressee or recipient thereof;

(b)     Outside Counsel for the Receiving Party (as used herein, "Outside Counsel" shall mean attorneys in the respective law firms for the respective parties or non-parties, and shall not include employees or in-house counsel of parties);

(c)     Up to four (4) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking attached to the Protective Order as Exhibit A;

(d)     Witnesses at deposition and/or trial, to the extent permitted by, and pursuant to the provisions of the Protective Order, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of that Order;

(e)     The Court and its personnel;

(f)     Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed Exhibit B, "Confidentiality Agreement"; and

(g) Court reporters provided that such court reporters may not retain copies of Designated Material unless permitted by other provisions of that Order.

10.     A Receiving Party may include excerpts of Designated Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing Designated Material are appropriately marked under the Protective Order and this protocol, restricted to those who are entitled to have access to them as specified in the Protective Order and this protocol, and, if filed with the Court, shall be filed under seal in accordance with the Protective Order and this protocol.

11.     To the extent portions of Designated Material are quoted in a document, either (1) the entire document will be stamped and treated as Designated Material or (2) those pages containing quoted Designated Material will be separately stamped and treated as Designated Material.

12.     No electronic copies of Designated Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. In no event may Designated Material be scanned using optical character recognition ("OCR") technology.

13.     The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate Designated Materials in any manner, including scanning, emailing or otherwise creating an electronic image of the Designated Materials, except as set forth herein:

(a)     The stand-alone computer shall be equipped with a laser printer with commercially reasonable printing speeds for on-site printing of the Designated Material onto production-numbered paper labeled "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", which shall be provided by the Producing Party.

(b)     The Receiving Party shall only print (in no less than 12 point font) those limited portions of the Designated Material specifically necessary for a case activity (*e.g.,* as evidence for trial or an exhibit for an expert's report).  Counsel for the Producing Party will keep the originals of all printed Designated Material. The Producing Party shall have five (5) court days to review the printed Designated Material and provide the Receiving Party with written notice of any objection that the printed portions are excessive or not reasonably necessary to any case activity.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution within five (5) court days of the conclusion of the meet and confer process of whether the printed Designated Material in question is excessive or not reasonably necessary to any case activity.  In the absence of any objection, or when ordered by the Court, the Producing Party shall serve one (1) copy of the printed pages upon the Receiving Party within two (2) court days and shall retain the original printed material.

(c) When supported by the available software, the Receiving Party shall print every page of Designated Material with information necessary to later identify that Designated Material, such as with a header that identifies the file name and directory path; otherwise, the

Receiving Party shall provide the Producing Party with a log that correlates each printed page with such identifying information.

(d) The Receiving Party may make up to three (3) copies of any Designated Material received from the Producing Party for use by its attorneys and Outside Consultants. The Receiving Party shall ensure that any copies include a production number and "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" designation (*i.e.*, they are not cut off or unreadable).

(e) In no event may the Receiving Party print more than 25 consecutive pages and no more than 400 pages of information in aggregate during the duration of the case without prior written consent by the Producing Party or further order of the Court.

14. If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Designated Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at:  (i) the Court for any proceedings(s) relating to the Designated Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Designated Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

15. A producing Party's Designated Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 9 above to another person authorized under paragraph 9 above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") as permitted by paragraph 12 via hand carry, Federal Express or other similarly reliable courier.  Designated Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Designated Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 12 above and is at all times subject to the

transport restrictions set forth herein. But, for those purposes only, the Designated Materials may be loaded onto a stand-alone computer.

16. The Receiving party shall keep a log including: (a) the custodian of each copy of any Designated Materials; (b) the name of all persons accessing the Designated Materials; and (c) the date and time any custodian receives or returns the Designated Materials.  Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case or settlement, the Receiving Party must serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all copies of the Producing Party's Designated Materials.  In addition, all persons to whom the copies of the Designated Materials were provided must certify in writing that all copies of the Designated Materials were returned to the counsel who provided them the information and that they will make no use of the Designated Materials or of any knowledge gained from the Designated Materials in any future endeavor.

**D.    <u>No Production of Designated Material to Other Parties</u>**

17. A Defendant shall not be obligated to produce to any other Defendant any material that has been designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE". The Receiving Party shall not disclose "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material to any Party in this action that is not the Producing Party.

**E.    <u>Use Of Designated Material</u>**

18. In addition to the provisions of paragraph 12 in the Protective Order, any Outside Consultants retained on behalf of a Receiving Party who is to be given access to a Producing Party's Designated Material (whether in electronic form or otherwise) must agree in writing not to perform work directly or indirectly intended for commercial purposes relating to an aspect of a product or service learned by such Outside Consultant by virtue of having reviewed such Designated Material for a period of one year after the issuance of a final, nonappealable decision

resolving all issues in the case, or settlement.  This shall not preclude such expert consultants from consulting in future litigation, so long as such consulting does not involve work directly or indirectly intended for commercial purposes relating to an aspect of a product or service learned by such Outside Consultant by virtue of having reviewed such Designated Material.

19. Access to and review of the Designated Material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case.  No person shall review or analyze any Designated Material for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Designated Material in this case in and other pending or future dispute, proceeding, or litigation.

**F.**     **Non-Party Use of This Order**

20. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this lawsuit.

21. A non-party's use of this Order to protect its "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials does not entitle that non-party access to Designated Materials produced by any Party in this case.

**G.**     **Export Control Requirements**

22. The parties acknowledge that "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" received under this Order may be subject to export controls under the laws of the United States and other applicable laws, and to ensure the confidentiality of the "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material as well as compliance with any applicable laws:

(a) No "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material produced in this action shall be electronically or physically exported or transferred outside the United States except for use in depositions in this litigation.

(b) The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the Producing Party's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material, subject to ECCN 5E002, without U.S. Government authorization.

(c) The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the stand-alone computer, access to hard copes of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", or placement on a project requiring receipt or review of the Producing Party's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE".  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

## H.    Miscellaneous

23. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order's Protocol for the Discovery of Source Code.  All disputes concerning Designated Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.  Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order's Protocol for the Discovery of Source Code.

24.    The Court reserves the right, upon motion or upon its own motion, to amend or modify this Order's Protocol for the Discovery of Source Code for good cause shown.