IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANON INC., CANON U.S.A., INC. and<br>CANON SOLUTIONS AMERICA INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 13-473 (SLR)<br>)<br>)<br>)<br>)<br>) |

**NON-PARTY MARVELL SEMICONDUCTOR, INC.'S
MOTION TO QUASH INTELLECTUAL VENTURES' RULE 45
SUBPOENA TO TESTIFY AT A DEPOSITION**

In light of a set of *inter partes* review ("IPR") petitions filed by Non-Party Marvell Semiconductor Inc. ("Marvell") challenging the validity of three patents asserted against Defendants Canon Inc., Canon U.S.A., Inc. and Canon Solutions America, Inc. (collectively, "Canon") in this action and Canon's pending Motion to Sever and Stay Pending Completion of *Inter Partes* Reviews ("Motion to Stay"), Marvell requests an order to quash a deposition subpoena ("Subpoena") served by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") and requests a protective order barring any deposition of Marvell until at least the resolution of Canon's Motion to Stay. Marvell is not a party in this case. Any testimony elicited from Marvell is potentially relevant to only three of eleven patents asserted in Delaware. Each of these patents is the subject of an IPR petition and the Motion to Stay. Requiring Marvell to identify, prepare and present a deposition witness, let alone multiple witnesses, would be premature, a waste of resources, unduly prejudicial and unnecessary. The resolution of the IPR process is highly likely to change the scope of the patents at issue or render them invalid. Due to IV's unwillingness to delay a Marvell deposition until a decision is made

on the Motion to Stay, Marvell hereby requests that this Court quash the Subpoena instructing Marvell to produce a witness for deposition on July 16, 2014 and issue a protective order barring a deposition until the resolution of Canon's Motion to Stay.

I.   **FACTUAL BACKGROUND**

IV has accused Canon of infringing eleven patents ("Patents-in-Suit") relating to a variety of technologies including laser printing, image scanning, digital communication and wireless communication. *See* D.I. 46 (Second Amended Complaint). IV alleges that some of the accused Canon printers and scanners contain Marvell chipsets. IV further alleges that these Marvell chipsets practice the claims of three of the Patents-in-Suit directed to wireless communication technology (collectively, the "WiFi Patents"). Marvell is not a party to the suit and is not named in the Second Amended Complaint.

On March 27, 2014, Marvell filed four petitions for *inter partes* review with the United States Patent and Trademark Office (collectively, the "Marvell IPR Petitions") challenging the validity of the three WiFi Patents. Patel Decl. ¶¶ 3-6, Ex. A (Petition for *Inter Partes* Review of United States Patent No. 5,712,870 Pursuant to 35 U.S.C. §§ 311–319, 37 C.F.R. § 42 (IPR2014-00548)), Ex. B (Petition for *Inter Partes* Review of United States Patent No. 6,754,195 Pursuant to 35 U.S.C. §§ 311–319, 37 C.F.R. § 42 (IPR2014-00552)), Ex. C (Petition for *Inter Partes* Review of United States Patent No. 6,754,195 Pursuant to 35 U.S.C. §§ 311–319, 37 C.F.R. § 42 (IPR2014-00553)), and Ex. D (Petition for *Inter Partes* Review of United States Patent No. 6,977,944 Pursuant to 35 U.S.C. §§ 311–319, 37 C.F.R. § 42 (IPR2014-00547)). The USPTO accepted Marvell's petitions for review on June 5, 2014 and ordered IV to file preliminary responses within three months. Patel Decl. ¶ 7, Ex. E (June 5, 2014 USPTO Order) at 2.

Based upon the Marvell IPR Petitions, as well as petitions filed by Canon challenging the validity of three other Patents-in-Suit, Canon requested this Court sever and stay the action with

respect to the six patents implicated by the Marvell and Canon IPR petitions. D.I. 65-67. The Motion to Sever and Stay is fully briefed. D.I. 81-82 (Plaintiffs' Response in Opposition to Defendants' Motion to Sever and Stay Pending Completion of *Inter Partes* Review); 103 (Reply Brief in Support of Defendants' Motion to Sever and Stay Pending Completion of *Inter Partes* Review). Canon has requested oral argument on the motion. D.I. 107.

After the briefing on the Motion to Sever and Stay was completed, IV served a subpoena on Marvell on June 18, 2014 pursuant to Federal Rule of Civil Procedure 45, seeking a 30(b)(6) deposition on July 16, 2014. Patel Decl. ¶ 8, Ex. F (Subpoena to Testify at a Deposition in a Civil Action). IV's deposition topics seek a wide range of information regarding the design and functionality of the Marvell chipsets alleged to be in certain accused Canon products, Marvell's knowledge of the WiFi Patents, and any Marvell inquiries into the validity and/or potential infringement of the WiFi Patents. *Id*. Marvell served its Responses and Objections to IV's Deposition Subpoena on July 2, 2014 (Patel Decl. ¶ 9, Ex. G (Non-Party Marvell Semiconductor, Inc.'s Responses and Objections to Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action)).

Marvell subsequently met and conferred with IV regarding the timing of the requested deposition. Patel Decl. ¶ 17. Specifically, Marvell requested that the deposition be delayed pending this Court's decision on the Motion to Sever and Stay. IV has refused to postpone the deposition until that time.[1] *Id*.

---

[1] Since the meet and confer, IV has offered to delay the Marvell deposition until the week of September 8, 2014, after the close of fact discovery if (1) Canon agrees that the Marvell depositions taken after the close of fact discovery will not be objected to as untimely; and (2) Marvell agrees that if this Court has not granted a stay by that time, Marvell will present its witness(es) and will not seek to quash the subpoena at that time. Patel Decl. ¶ 10, Ex. H (7/14/14 Smith Email to Patel and Patel). Marvell declined this offer.

To date, Marvell has produced documents and made its source code available to IV for review in response to IV's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. Patel Decl. ¶ 11, Ex. I. Marvell has made its source code available since April 17, 2014. Patel Decl. ¶ 12, Ex. J (3/24/14 Email from Patel to Michaels). IV has reviewed this source code on at least eleven occasions since it was made available. Patel Decl. ¶ 13, Ex. K (5/6/14 Email from Patel to Michaels; 6/3/14 Email from Patel to Michaels; 6/29/14 Email from Smith to Patel).

As explained below, it is highly likely that the IPR process will affect the validity and scope of the WiFi Patents at issue. As a result, Marvell fully expects this Court to sever and stay the patents subject to IPR review. Where the IPR process changes the scope of the WiFi Patents, Marvell may be forced to submit its witness(es) to a second deposition. Additionally, any testimony provided by Marvell regarding the WiFi Patents and any related products, components or chipsets will be rendered moot if this Court orders the WiFi Patents severed from the remainder of IV's infringement action until the validity and scope of those patents is determined by the USPTO. Marvell therefore requests that this Court quash and/or modify IV's Subpoena.

## II. ARGUMENT

Although the scope of discovery is broad, it is not unlimited. Rule 45 requires the court in the district where compliance is required to "quash or modify a subpoena that . . . subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). Moreover, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." FED. R. CIV. P. 26(b)(2)(C), 26(c)(1).

"Underlying the protections of Rule 45 is the recognition that "the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party'

discovery." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir. 1980)). It is "well established that non-parties to litigation enjoy greater protection from discovery than normal parties." *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986); *see also Dart Indus.*, 649 F.2d at 649 (holding that discovery should be "limited" in order to "protect" non-parties from "harassment, inconvenience, or disclosure of confidential documents"). Consequently, a court determining the propriety of a subpoena must balance the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id*. (citing *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

  **A. The Deposition of Marvell Should Not Proceed Until This Court Decides Canon's Motion to Sever and Stay**

    **1. The Potential Hardship of a Premature Deposition to Marvell Weighs in Favor of an Order Quashing or Modifying the Subpoena**

Statistics provided by the USPTO show that there is a significant likelihood that Marvell's IPR Petitions will be granted. The USPTO has disclosed that 87% of IPR Petitions considered in Fiscal Year 2013 were granted and, as of July 10, 2014, 76% of IPR Petitions were granted in Fiscal Year 2014. *See* USPTO, *AIA Progress* at 4 (July 10, 2014) (attached as Patel Decl. ¶ 14, Ex. L). Furthermore, of the 88 Final Written Decisions issued by the USPTO through July 10, 2014, 31 have resulted in at least one or all claims declared invalid. *Id*. at 5. Even if the claims of the WiFi Patents are not found invalid, those claims will likely be amended as IV attempts to differentiate its inventions from the prior art.

  IV's deposition topics are closely tied to the technical phrases and terms taken from the claims and specifications of the WiFi Patents. For example, Topic 3 requests information regarding "[t]he design, operation, structure, and function of the following features in each of the

Instrumentalities: (a) receiver; (b) transmitter; (c) clear to send (CTS) frame; (d) orthogonal frequency division multiplexing (OFDM); (e) direct sequence spread spectrum (DSSS); (f) complementary code keying (CCK); (g) frame exchange; (h) duration field; (i) transmitter address; and (j) receiver address." Ex. J at 6. Many of these terms are claim terms and may be removed or otherwise amended during the USPTO's review. Claim 7 of the '944 patent discloses:

> A station comprising:
>
> (a) a **receiver** for monitoring a shared-communications medium for an opportunity to transmit a first signal and a second signal; and
>
> b) a **transmitter** for: (1) transmitting said second signal in accordance with a second modulation scheme on said shared-communications medium, wherein:
>
> (i) said second signal conveys a frame indicating clear to send that is **addressed** to the sender of said **frame indicating clear to send**; and
>
> (ii) said frame indicating clear to send comprises a **duration field** that has a value based on the expected length of time required to transmit at least one data frame; and
>
> (2) transmitting said first signal in accordance with a first modulation scheme on said shared-communications medium after said second signal, wherein said first signal conveys said at least one data frame;
>
> wherein said **frame indicating clear to send** and said at least one data frame are **addressed** to different stations

Patel Decl. ¶ 15, Ex. M ('944 Patent) at col. 13:9-28 (emphasis added). Topic 5 identifies "[t]he design, operation, structure, and function of the following features in each of the Instrumentalities: (a) transmitter; (b) single carrier modulation; (c) multi-carrier modulation; (d) spectral binding; (e) channel impulse response; (f) single carrier signal sampling rate; (g) multi-carrier signal sampling rate; (h) continuous time Hamming window; (i) brickwall filter; (j) Nyquist frequency; (k) Barker preamble, header, and symbol; (l) orthogonal frequency division multiplexing (OFDM); and (m) adaptive equalizer." Claim 1 of the '195 patent discloses:

6

> 1. A wireless communication system that is configured to communicate using a mixed waveform configuration, comprising:
>
> a **transmitter** configured to transmit according to a mixed waveform configuration including a first portion modulated according to a **single-carrier scheme** with a preamble and header and a second portion modulated according to a **multi-carrier scheme**;
>
> the waveform being specified so that a **channel impulse response estimate** obtainable from the first portion is reusable for acquisition of the second portion; and a receiver configured to acquire and receive packets with a mixed waveform configuration.

Patel Decl. ¶ 16, Ex. N ('195 Patent) at col. 13:2-14 (emphasis added).

There is a significant risk that testimony elicited from Marvell on these topics may be rendered unnecessary or irrelevant due to invalidation or revised scope of the claims in the WiFi Patents. If IV amends its claims, Marvell may be forced to repeat the process for identifying, preparing and presenting witnesses to testify regarding the new claims at issue. A delay of the deposition(s) until resolution of the Motion to Sever and Stay will protect Marvell from unnecessary expense, burden, and repetition of the third-party discovery process.

## 2. IV Will Not Need This Information If This Court Orders the WiFi Patents Severed and Stayed

The information sought by the Subpoena concerns only issues relating to the three WiFi Patents. Ex. F at 2 ("'Patents-in-Suit' shall mean U.S. Patent Nos. 5,712,870; 6,754,195; and 6,977,944."). In its Motion to Sever and Stay, Canon seeks to sever six of the eleven asserted patents, "and stay the litigation as to those patents at least until the PTAB decides whether to institute IPR proceedings against each IPR patent." D.I. 66 at 15. If the PTAB institutes IPR proceedings, Canon has requested the Court "stay the litigation until final determination of the IPR proceedings for each IPR patent, including any appeals." *Id*. IV's need for the information it seeks from Marvell, as well as the relevance of any such information, is entirely contingent on this Court's decision regarding the Motion to Sever and Stay and the IPR process. This factor, consequently, weighs in favor of an order quashing or modifying IV's subpoena.

### 3. The Irrelevance of the Noticed Deposition Topics Weigh In Favor of an Order Quashing or Modifying the Subpoena

In its Subpoena, IV has indicated that it will inquire about Marvell's "knowledge of the Patents-in-Suit or this Action," "[w]hen [Marvell] became aware of the Patents-in-Suit, including, without limitations, identifying which employee or agent . . . first became so aware," "[a]ny analysis, opinion, inquiry, or investigation relating to validity, invalidity, infringement . . . of the Patents-in-Suit," and "[a]ny analyses or efforts by [Marvell] to design any products around the Patents-in-Suit." Ex. F at 8. These topics, traditionally used by a plaintiff to demonstrate willful infringement by an accused infringer, have no bearing on *Canon's* liability for infringement of the WiFi Patents. Marvell is not accused of infringement in this case and is not a party to the action.

The standards for nonparty discovery "require a stronger showing of relevance than for simple party discovery." *Laxalt*, 116 F.R.D. at 458. In light of this heightened standard, testimony regarding Marvell's knowledge and analysis of the Patents-in-Suit is not "reasonably calculated to lead to admissible evidence." FED. R. CIV. P. 26(b).

Additionally, the Subpoena identifies topics IV can obtain from the Defendants such as "[t]he instrumentalities that are supplied to Canon," "[t]he number of Instrumentalities provided to, sold, consigned, leased, or otherwise transferred to or on behalf of Canon," "Any instructions or guidance provided by Marvell to Canon as to any available Application Programming Interfaces ("API"), drivers, firmware, software, or configuration settings," "Any agreements, business or technology dealings, meetings, or communications between [Marvell] and Canon," and "[d]ocuments and communications" between Marvell and Canon. Ex. F at 6-9. It further requests information that is beyond Marvell's knowledge (*id*. at 8 ("[t]he number of instrumentalities [indirectly[ provided to, sold, consigned, leased or otherwise transferred to or

on behalf of Canon")) or is unduly burdensome to acquire (*id.* at 8 ("differences among all such versions and releases [of each chipset] including but not limited to any differences in source code")). To identify, prepare and present a witness, or multiple witnesses, who can competently testify to irrelevant issues, especially at a stage when the Court's decision on Canon's Motion to Sever and Stay could render each and every topic irrelevant, presents an undue and unnecessary burden on Marvell.[2]

### III. CONCLUSION

For the foregoing reasons, Marvell's motion to quash and motion for a protective order should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Marvell Semiconductor, Inc.*

OF COUNSEL:

Kevin P.B. Johnson
Suong Nguyen
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Ketan Patel
Eric Huang
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

July 18, 2014

8392730

---

[2] Marvell reserves its rights to challenge the scope of IV's deposition topics following the resolution of its present motion.

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on July 18, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC* | *BY E-MAIL* |
| Matthew D. Powers<br>Steven S. Cherensky<br>Stefani C. Smith<br>Sam Kim<br>Palani R. Rathinasamy<br>Andrew Michaels<br>Samantha A. Jameson<br>Lital Leichtag-Fuks<br>Paul Ehrlich<br>TENSEGRITY LAW GROUP LLP<br>555 Twin Dolphin Drive, Suite 360<br>Redwood Shores, CA 94065<br>*Attorneys for Intellectual Ventures I LLC and Intellectual Ventures II LLC* | *BY E-MAIL* |

Nicholas M. Cannella *BY E-MAIL*
Michael P. Sandonato
Jonathan Berschadsky
Peter D. Shapiro
C. Austin Ginnings
Dennis J. McMahon
Dillon J. Murphy
FITZPATRICK CELLA HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
*Attorneys for Defendants Canon Inc.,*
*Canon U.S.A., Inc. and Canon Solutions America Inc.*

Brian L. Klock *BY E-MAIL*
Jason M. Dorsky
FITZPATRICK CELLA HARPER & SCINTO
975 F Street, NW
Washington, DC  20004
*Attorneys for Defendants Canon Inc.,*
*Canon U.S.A., Inc. and Canon Solutions America Inc.*

*/s/ Julia Heaney*

Julia Heaney (#3052)

2